IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| TERRANCE OLIVER | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:10cv466 |
| R. GUNNELS, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

  The Plaintiff Terrance Oliver, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. None of the defendants named in the lawsuit are located in the Eastern District of Texas.

  Oliver complains of various events occurring since his coming to prison in 1993, including a stabbing at the Michael Unit which took place in 2006, the denial of protection to him at the Hughes Unit in 2006, extortion by another inmate at the Stiles Unit in 2008, and several investigations of his complaints. On April 1, 2010, Oliver says that he was sent to the Gib Lewis Unit, where he filed a grievance listing the chronology of events and complaining about "the total systemic failure of the Safe Prisons Program." The response to this grievance, as well as the Step Two appeal, was that there was insufficient evidence to support Oliver's claims.

  After review of the pleadings, the Magistrate Judge issued a Report recommending that Oliver's complaint concerning the investigation of the grievance which he filed at the Gib Lewis

Unit be dismissed as frivolous, and that his remaining claims be transferred to the U.S. District Court for the Southern District of Texas. The Magistrate Judge observed, as noted above, that all of the named Defendants are located outside of the Eastern District of Texas, and that the stabbing which occurred at the Michael Unit is outside of the limitations period and was the subject of a prior lawsuit in any event, which prior lawsuit was dismissed with prejudice and cannot be re-litigated in this proceeding. While the Stiles Unit is also within the Eastern District of Texas, Oliver did not name any defendant in connection with any claims arising there; he concedes that after the extortion there, he was transferred off of that unit.

Oliver received a copy of the Magistrate Judge's Report on November 5, 2010, but no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in the cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claim concerning the allegedly improper investigation of a grievance which he filed at the Gib Lewis Unit on May 14, 2010, be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that the remainder of the Plaintiff's claims in this action are hereby TRANSFERRED to the U.S. District Court for the Southern District of Texas, Houston Division, for such other and further proceedings as that Court deems appropriate.

**SIGNED this 10th day of January, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE