IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRANCE L. OLIVER, § | |
| TDCJ-CID NO.739573, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-11-1445 |
| § | |
| WARDEN R. GUNNELS, et al., § | |
| Defendants. § | |

ORDER

On August 30, 2011, the Court dismissed plaintiff Terrance L. Oliver's civil rights complaint as frivolous pursuant 28 U.S.C. 1915(e)(2)(B). (Docket Entry No.32). On March 9, 2012, plaintiff filed a "Motion for Relief from Judgment," complaining about the payment of the filing fee in this case. (Docket Entry No.36). Plaintiff contends that the Court "is not supposed to grant a prisoner leave to proceed in forma pauperis if it concludes the claims do not state a claim upon which relief may be granted, does not state a claim under 42 USCA-SEC 1983 or is patently frivolous." (Id.).

A district court may relieve a party from final judgment, order, or proceeding under Rule 60(b) of the Federal Rules of Civil Procedure on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any

other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). Plaintiff does not indicate which provision of Rule 60(b) is applicable to the present motion. Liberally construing the motion, the Court presumes that he seeks relief under subsection (6)--any other reason justifying relief.

Plaintiff filed the present case in the United States District Court for the Eastern District of Texas. (Docket Entry No.1). The Eastern District Court granted plaintiff's application to proceed as a pauper (Docket Entry No.7) and later dismissed the complaint without prejudice on plaintiff's motion. (Docket Entry No.17). The case was transferred to this Court, where plaintiff was ordered to advise the Court whether he intended to proceed with this case. (Docket Entry No.29). After the Court received plaintiff's response, the Court ordered the case to re-opened and funds be withdrawn from plaintiff's TDCJ inmate trust fund account pursuant to the Order granting his application to proceed as a pauper. (Docket Entry No.31). Thereafter, this Court completed its screening of plaintiff's pleadings and dismissed the case as frivolous. (Docket Entry No.32).

Rule 60(b)(6) is commonly referred to as a "grand reservoir of equitable power to do justice"; the rule, however, "is only invoked in 'extraordinary circumstances.'" Rocha v. Thaler, 619 F.3d 387, 400 (5th Cir. 2010) (quoting Williams v. Thaler, 602 F.3d 291, 311 (5th Cir. 2010). Plaintiff, however, fails to show that such circumstances exist in this case. By law, neither this Court nor

2

the Eastern District Court were required to complete screening of plaintiff's pleadings before granting his application to proceed as a pauper. Section 1915, entitled, "Proceedings in forma pauperis," requires the Court to determine whether the inmate is qualified to proceed *in forma pauperis;* it also authorizes the Court to dismiss the complaint at any time, regardless of whether any filing fee or any portion thereof has been paid, if the Court determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(a)(2); (e)(2)(B);[1] *See also* Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). Plaintiff was cautioned in the Order granting his motion to proceed as a pauper that "[t]he granting of the motion does not relieve the Plaintiff of the responsibility of paying the $350 filing fee or

---

1 The pertinent provisions of the Prison Litigation Reform Act of 1996, provide the following:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and when funds exist, collect as a partial payment of any court fees required by law.
>
> \* \* \* \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(b)(1); (e)(2)(B).

any partial fees connected therewith, unless and until the Court directs otherwise, regardless of the disposition of the case." (Docket Entry No.7).

Because plaintiff's motion is without legal merit and his claim is not extraordinary, plaintiff fails to show his entitlement to relief under Rule 60(b) in this case. Accordingly, his Motion for Relief from Judgment (Docket Entry No.36) is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on _March 21_, 2012.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE